UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-22376-KMW-LMR

THE SMILEY COMPANY SPRL,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S
## MOTION FOR PRELIMINARY INJUNCTION

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Entry of Preliminary Injunction ("Plaintiff's Motion"). This matter was referred to the Undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). The Plaintiff, The Smiley Company SPRL ("Plaintiff"), moves for entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" [ECF No. 20-1] to Plaintiff's Complaint [ECF No. 1] (collectively "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court convened a hearing on August 21, 2023, at which counsel for Plaintiff was present and available to present evidence supporting the Motion. Several recently dismissed Defendants appeared and inquired as to their status in this case. The following Defendants made an appearance: Defendant numbers 60, 83, 99, 314, 397, 411, 425, 688, 694, 535, and 541. All of these Defendants, with the exception of Defendants 60 and 99, had been voluntarily dismissed from the case. Plaintiff

2

acknowledged that it was negotiating with some of the remaining Defendants listed on the attached Schedule A. [ECF. No. 53].

The Court has carefully considered the Motion for Preliminary Injunction, the record, and the governing law. For the reasons stated below, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction be GRANTED with respect to the Defendants listed on Schedule A. [ECF. No. 53].

## I.   FACTUAL BACKGROUND[1]

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office.  Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Smiley Marks"):

---

[1] The factual background is taken from the Plaintiff's Complaint, Motion, and supporting Declarations submitted by the Plaintiff.

| Trademark | Registration Number | Registration Date | Classes / Goods |
|---|---|---|---|
| SMILEY | 2,747,618 | 08/05/2003 | IC 003. US 001 004 006 050 051 052. G & S: non-medicated cosmetic preparations for slimming purposes, namely, skin creams, skin lotions, [skin pomades, rust removing preparations,] sun-tanning preparations for cosmetic purposes, [fabric softeners for laundry use, shaving soap, cotton sticks for cosmetic purposes, skin whitening creams, laundry bleach, scented wood, floor polish, hair color, hair dyes, hair waxing lotions, artificial eyelashes, shoe care products, namely, shoe wax, shoe polish, and shoe cream, depilatory wax, parquet floor wax, polishing wax for use on furniture and automobiles, leather preservatives, namely, polishing creams and waxes, cosmetic kits comprised of eyelash pencils, eyelid pencils, namely], shampoos, [drain openers, general purpose scouring powders, decolorants for cosmetic purposes, namely, hair decolorants, degreasing preparations not used in the manufacturing process for use on floors, make-up removing preparations, depilatory creams, stains removers, paint removers, rust and mineral removing cleaning preparations, laundry detergents,] toilet water, [anti-static dryers sheets, emery paper, emery cloth, emery boards, polish for furniture and flooring, incense, windscreen |

| | | | |
|---|---|---|---|
| | | | cleaning preparations,] essentials oils for personal use[, hair lacquer, hair bleaching preparations, sachets for perfuming linen, hair lotions, false nails, cotton balls for cosmetic purposes, abrasive paper for use on the nails, wallpaper cleaning preparations, paint stripper, pumice stones for personal use, adhesives for cosmetic use, namely, adhesives for use in connection with artificial hair, shaving preparations, varnish-removing preparations]. FIRST USE: 20010226. FIRST USE IN COMMERCE: 20010226 |
| SMILEY | 2,566,529 | 05/07/2002 | IC 028. US 022 023 038 050. G & S: Toys, namely plush stuffed toys and plastic balls, latex balls and squeezable balls [ ; sporting goods, namely knee pad ]. FIRST USE: 19880516. FIRST USE IN COMMERCE: 19880516s |
| SMILEY | 5,453,732 | | IC 003. US 001 004 006 050 051 052. G & S: Bubble bath, Deodorants for personal use, lotions, false nails. FIRST USE: 20150401. FIRST USE IN COMMERCE: 20180125<br>IC 004. US 001 006 015. G & S: candles. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 005. US 006 018 044 046 051 052. G & S: Food for babies, adhesive bandages, air deodorant, feminine hygiene pads, additive for nutritional purposes, sanitary napkins, car deodorants, vitamin supplements; babies' disposable diapers. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 006. US 002 012 013 014 023 025 050. G & S: metal keys for locks. |

5

| | | | FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 008. US 023 028 044. G & S: Spoons, hand tools, beard clippers, scissors, nail clippers, hair removing tweezers, ice picks, nail files, manicure sets, hammers, pedicure sets, pliers, electric and non-electric razors, screwdrivers and drills; electric and non-electric flat irons. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 009. US 021 023 026 036 038. G & S: Weighing apparatus, scales, calculating machines, sound amplifiers, anti-glare glasses, computer terminals, electric, neon or luminous signs, photographic cameras, magnetic encoded cards, cartridges for video games, life jackets, computer keyboards, electrical connectors, contact lenses, electrical sockets, eyeglass cases, blank magnetic data carriers, fire extinguishers, loudspeakers, telephone apparatus, sunglasses, computer memories, computer peripheral mouse pads, computer mouse, television sets, video cameras, and video game cartridges. FIRST USE: 20121201. FIRST USE IN COMMERCE: 20180125<br><br>IC 014. US 002 027 028 050. G & S: Precious metals and their alloys sold in bulk, clocks, works of art of precious metal, jewelry, jewelry boxes, earrings, watches, bracelets, cuff links, brooches, necklaces. FIRST USE: 20150601. FIRST USE IN COMMERCE: 20180125<br><br>IC 016. US 002 005 022 023 029 037 038 050. G & S: Adhesive tapes for |
|---|---|---|---|

| | | | stationery or household purposes, posters, photo albums, scrapbooks, lithographic prints, stickers, loose-leaf binders, boxes of cardboard or paper, rubber stamps, calendars, printing sewing patterns, note books, business cards, postcards, tags for index cards, iron-on transfers and plastic transfers, decalcomanias, graphic art reproductions, stationery folders, writing materials, namely, note books, post cards, ball-point pens, anniversary books, appointment books, autograph books, baby books, sketch books, sketch pads, bookmarks, daily planners, date books, address books, diaries, engagement books, envelopes, electric and non- electric erasers, fountain pens, pen or pencil holders, pen or pencil trays, pencils, artists' pencils, drawing pencils, pencil boxes, pencil cases, pen cases, stationery, and envelopes, rubber erasers, wrapping paper, pencils, stationery envelopes, blank or partially printed paper labels, announcement cards, writing paper, school supplies, namely, notebooks, pencil cases, toilet paper, pictures, printed matter, namely, magazines in the field of art, lithographs, table linen of paper, handkerchiefs of paper, stationery, paper stationery, paper banners, paper bags, unmounted photographs, art prints, pen and pencil trays, printed publications, namely, magazines, newspapers, graphic art reproductions, plastic or paper envelopes, bags and pouches for merchandise packaging, writing pads, fountain pens, and paper or plastic transparencies, paper towels, embroidery design patterns, table mats of paper, pencil sharpeners. |
|---|---|---|---|

| | | | FIRST USE: 20130901. FIRST USE IN COMMERCE: 20180125<br><br>IC 021. US 002 013 023 029 030 033 040 050. G & S: Combs, toilet brushes, water troughs, thermal insulated containers for food, terra-cotta or glass, figurines, table plates not of precious metal, brooms, cocktail picks, drinking flasks for travelers, drinking vessels, beer mugs, soap boxes, dispensing paper towels for household use, non-electric kettles, bottles sold empty, bottle openers, pitchers not of precious metal, non-electric toothbrushes, perfume burners, coffee services, not of precious metal, egg cups not of precious metal, beverage glassware, jugs, cookery molds, cooking utensils, toothpicks, cutting boards for the kitchen, trivets, toilet paper holders, soap dispensers, sponges for household purposes, scouring sponges for toilets, earthenware basins in the nature of bowls, household utensils, flower pots; gloves for household purposes, gloves for gardening, ice buckets, non-electric portable coolers for food and beverages, goblets, not of precious metal, mugs, not of precious metal, bottle- gourds, not of precious metal, crumb trays, dishes, soap holders, sponge holders, ironing boards, pepper shakers, garbage cans, trash cans, napkin rings, thermal insulated bags for food or beverages, statutes, statuettes, table plates, napkin holders, non-metal piggy banks, earthenware mugs, drinking glasses, tableware services not of precious metal. FIRST USE: 20130901. FIRST USE IN COMMERCE: 20180125 |
|---|---|---|---|

| | | | IC 025. US 022 039. G & S: Clothing, namely, suits, dresses, t-shirts, sweatshirts, raincoats, shorts, stockings, cloth bibs, berets, hosiery, boots, suspenders, pants, baseball caps, golf caps, athletic shoes, masquerade costumes, hats, babies pants, neckties, sashes for wear, scarves, gloves, layettes, slippers, ear muffs, aprons, sportswear, namely, jogging suits, and training suits. FIRST USE: 20121201. FIRST USE IN COMMERCE: 20180125<br><br>IC 026. US 037 039 040 042 050. G & S: Hair accessories, electric hair curlers. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 027. US 019 020 037 042 050. G & S: carpets. FIRST USE: 20141201. FIRST USE IN COMMERCE: 20180125<br><br>IC 028. US 022 023 038 050. G & S: Games, playthings, namely, toys in the nature of flying disks, sporting articles, golf balls, handballs, playground balls, soccer balls, baseballs, basketballs, bowling balls, footballs, tennis balls, rubber balls, sports balls, table tennis balls, volley balls, beach balls balloons, toys, namely, jigsaw puzzles; Christmas tree ornaments, party favors in the nature of small toys; namely, confetti. FIRST USE: 20121201. FIRST USE IN COMMERCE: 20180125<br><br>IC 029. US 046. G & S: Meat. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125 |
|---|---|---|---|

9

| | | | |
|---|---|---|---|
| | | | IC 030. US 046. G & S: Sugar, pasta, corn flakes, chewing gum. FIRST USE: 20170301. FIRST USE IN COMMERCE: 20180125<br><br>IC 032. US 045 046 048. G & S: Mineral and aerated waters, fruit juices. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 034. US 002 008 009 017. G & S: Cigarette cases, cigarette lighters, ashtrays not of precious metal, cigarette holders, not of precious metal, ashtrays of precious metal for smokers. FIRST USE: 20141201. FIRST USE IN COMMERCE: 20180125<br><br>IC 035. US 100 101 102. G & S: Advertising and marketing. FIRST USE: 20150601. FIRST USE IN COMMERCE: 20180125<br><br>IC 036. US 100 101 102. G & S: Credit card services, monetary exchange. FIRST USE: 19720717. FIRST USE IN COMMERCE: 20180125<br><br>IC 038. US 100 101 104. G & S: Telecommunication services, namely, personal communication. FIRST USE: 20170701. FIRST USE IN COMMERCE: 20180125 |
| SMILEY | 2,970,055 | 07/19/2005 | IC 003. US 001 004 006 050 051 052. G & S: Soaps, bath gels, makeup, perfumes, body lotions, nail care preparations, cosmetic preparations for skin renewal, hair shampoos, hair gel. FIRST USE: 20010226. FIRST USE IN COMMERCE: 20010226 |

| | | | |
|---|---|---|---|
| SMILEY | 3,016,430 | 11/15/2005 | IC 009. US 021 023 026 036 038. G & S: Downloadable computer software program for use in attaching, icons or other symbols, in e-mail correspondence and instant messaging. FIRST USE: 20001200. FIRST USE IN COMMERCE: 20001200 |
| SMILEY | 2,801,529 | 12/30/2003 | IC 025. US 022 039. G & S: Clothing, namely, pullovers, [trousers] and shirts. FIRST USE: 19700000. FIRST USE IN COMMERCE: 19700000 |
|  | 5,348,135 | 12/05/2017 | IC 016. US 002 005 022 023 029 037 038 050. G & S: Printed matter, namely, children's books, stationery, greeting cards, note cards, post cards, posters, newspapers, printed calendars, printed forms, printed invitations, photo albums, scrapbooks, photographs; bookbinding materials, namely, bookbinding papers or cloth, bookbinding adhesive tape or glue; adhesive tapes for stationery or household purposes; artists' materials, namely, artists' paintbrushes, typeset printing blocks, printing type, art pads, art paper, paper, cardboard, dressmaking patterns, drawings, watercolors, paintings both framed and unframed; lithographic or engraved art objects; writing implements, namely, pens, pencils, fountain pens, artists' pencils; drawing instruments, namely, charcoal pencils, drawing pencils, pencil cases; typewriters and office requisites except furniture, namely, magnetic boards, file folders, desktop stationery cabinets; Printed instructional, educational, and teaching materials in the field of primary education; cardboard or paper boxes; paper products, namely, paper handkerchiefs, paper towels, |

| | | | |
|---|---|---|---|
| | | | paper table linen, toilet paper, babies' disposable napkins of paper and cellulose; bags, namely, paper or plastic for use as gift bags, paper bags or pouches, paper and plastic bags for merchandise packaging purposes, paper and plastic garbage bags; pamphlets in the field of fashion, home, decorating and licensing; prospectuses in the field of fashion, home, decorating and licensing<br><br>IC 018. US 001 002 003 022 041. G & S: Leather and imitation leather, animal skins and hides; trunks and suitcases; umbrellas, parasols and walking sticks; whips, harness and saddlery; wallets, purses not of precious metal; handbags, backpacks, wheeled bags; sports bags for climbers; sports bags for campers; traveling bags, beach bags, school bags, unfitted vanity cases; collars and clothing for animals, namely, pet clothing and collars; mesh shopping bags, mesh shopping nets for use in an automobile; leather bags or pouches |
| SMILEY | 6,428,755 | 05/14/2019 | IC 027. US 019 020 037 042 050. G & S: Bath mats; Rugs; Floor mats for vehicles. FIRST USE: 20110228. FIRST USE IN COMMERCE: 20190331 |

*See* Declaration of Nicolas Loufrani in Support of Plaintiff's Motion for TRO ("Loufrani Decl.") [ECF No. 7-2 at ¶ 9 and Schedule B [ECF No. 7-3]; *see also* Complaint (ECF No. 1), at ¶ 25. The Smiley Marks are used in connection with the design, marketing, and distribution of high-quality goods in the category identified above. *See id*.

Plaintiff is also the owner of the following copyrights registered in the United States of America:

| Registration Number | Registration Date | Title of Work |
|---|---|---|
| VAu000446942 | 1999 | Andazia International--Millennium 2000 T-shirts : no. 280-283, 287-289. |
| VAu000446948 | 1999 | Berkshire--Smiley babies outerwear, socks, Smiley rainwear, umbrellas, Smilette : no. BERK001-BER019. |
| VAu000446941 | 1999 | Commonwealth toy--Smiley Babies packaging labels : no. CTN01-CTN05. |
| VAu000304029 | 1998 | Freeze/Millennium 2000 T-shirts : no. FR001-FR118. |
| VAu000446947 | 1999 | Freeze--Millennium 2000 T-shirts : no. FR119-FR168. |
| VAu000446946 | 1999 | Home Group, Inc.--Smiley headwear : no. HG001-HG004. |
| VAu000456386 | 1999 | Jacques Moret Intimates/SHB intimates ... : no. JM045-JM068. |
| VAu000446943 | 1999 | Maru artwork--Smiley characters, millennium 2000 : no. MARU01-MARU06. |
| VAu000446940 | 1999 | Millennium 2000 socks : no. 6209-6248, 6250-6256. |
| VAu000456387 | 1999 | NTD Apparel, Inc. : no. NTD181-NTD280. |
| VAu000446944 | 1999 | Pro Specialties Group--Millennium 2000 : no. PS005-PS006. |
| VAu000446945 | 1999 | Ralph Marlin--Millennium 2000 boxers : no. RM001-RM005. |
| VAu000440872 | 1998 | "Smiley for kids" December 98. |
| PAu002457240 | 1999 | Smiley forever. |
| PAu002457241 | 1999 | Smiley trend book--fall/winter 2000-01. |

*See* Loufrani Decl. at ¶ 10; Complaint, at ¶ 32. The copyrighted works identified in Schedules C [ECF No. 7-4] to the Loufrani Declaration hereto are collectively referred to herein as the "Copyrighted Works."

The Defendants, through the various Internet based e-commerce stores operating under the seller identities identified on Schedule "A" to the Complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what the Plaintiff has determined to

13

be counterfeits, infringements, reproductions, or colorable imitations of the Smiley Marks and Copyrighted Works. *See* Loufrani Decl. at ¶¶ 15-18; Declaration of Richard Guerra ("Guerra Decl.") in Support of Plaintiff's Motion for TRO [ECF No. 7-5] at ¶ 5.

Although each of the Defendants may not copy and infringe each of the Smiley Marks for each category of goods protected and/or Copyrighted Works, the Plaintiff has submitted sufficient evidence showing each of the Defendants has infringed at least one or more of the Smiley Marks and/or Copyrighted Works. *See* Guerra Decl. at ¶ 4, Schedule D [ECF No. 7-6]; *see also* Amended Schedule D, [ECF Nos. 14-1, 14-2, 14-3, and 14-4]. The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Smiley Marks or Copyrighted Works. *See* Loufrani Decl. at ¶ 15.

The Plaintiff investigated the promotion and sale of counterfeit and infringing versions of the Plaintiff's branded and copyright protected products by the Defendants. *See* Loufrani Decl. at ¶¶ 15-18. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs, bearing counterfeits of, at least, one of the Smiley Marks and Copyrighted Works at issue in this action, and requested each product to be shipped to an address in the Southern District of Florida. *See id.; see also* Loufrani Decl. at ¶ 17. The Plaintiff conducted a review and visually inspected the Smiley branded items for which orders were initiated by Plaintiff's third party investigator via the Seller IDs and determined the products were nongenuine, unauthorized versions of the Plaintiff's products. *See id.*

## II.     LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.     CONCLUSIONS OF LAW

The declarations the Plaintiff submitted in support of its Motion for Preliminary Injunction support the following conclusions of law:

A.     The Plaintiff has a strong probability of proving at trial that (1) consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Smiley Marks, that (2) the products Defendants are selling and promoting for sale are copies of the Plaintiff's products which bear copies of the Smiley Marks, and/or that (3) Defendants are infringing the Copyrighted Works.

B.     Because of the infringement of the Smiley Marks and/or the Copyrighted Works, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted.   The following specific facts, as set forth in the Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers in view of the following considerations:

1.     The Defendants own or control Internet based e-commerce stores and

websites which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights; and

2.      There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's trademarks and/or copyrights will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

C.      The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as manufacturers and distributors of quality products if such relief is not issued.

D.      The public interest favors issuance of a preliminary injunction to protect the Plaintiff's trademark and copyright interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

E.      Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the Smiley Marks.  *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.      Requesting equitable relief "invokes the district court's inherent equitable powers

to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.     In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark and copyright laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of the Plaintiff's Complaint, Motion, and supporting evidentiary submissions, it is RECOMMENDED that the Plaintiff's Motion for Preliminary Injunction be **GRANTED**, under the terms set forth below:

(1)     Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are restrained and enjoined until further order from this Court as follows:

a.     From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Smiley Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

b.     From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the Smiley Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Smiley Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants,

17

including, but not limited to, any assets held by or on behalf of any of the Defendants; and

    c.  From using any reproduction, counterfeit, copy, or colorable imitation of the Smiley Copyrighted Works in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants.

   (2)  Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the unauthorized use of the Smiley Marks, confusingly similar trademarks, or unauthorized copies of the Copyrighted Works on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

   (3)  Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

   (4)  Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, and restrain any other financial accounts tied thereto.  Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.  No funds restrained

by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5)     Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)     This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Smiley Marks and Copyrighted Works at issue in this action and/or unfairly competing with Plaintiff.

(7)     This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

(8)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) (ECF No. 25), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.  The bond set forth herein was deposited with the Clerk of the Court on August 10, 2023.

## IV.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. *See* generally *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a de novo

determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; see also *Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

      **SIGNED** in Miami, Florida this 21st day of August, 2023.

**HONORABLE LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record

20