Case 1:23-cv-22376-KMW   Document 61   Entered on FLSD Docket 08/28/2023   Page 1 of 6

FILED BY_____ D.C.
AUG 26 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# Lawsuit defense.

Case number: 1:23-cv-22376-KMW

Defense Argument: Lack of Knowledge and Minimal Profits

Introduction

In response to the claims presented by Plaintiff regarding trademark violation and copyright infringement, the Defendant asserts that they lacked knowledge of the Plaintiff's trademark and intellectual property rights and that their involvement in the alleged activities was minimal, resulting in negligible profits.

Lack of Knowledge

> The Defendant was not aware of the Plaintiff's trademark and copyrighted works prior to the initiation of this lawsuit. The Defendant's lack of knowledge precludes any intent to infringe upon the Plaintiff's rights.
> The Defendant did not intentionally engage in any activities to harm the Plaintiff's reputation, goodwill, or intellectual property rights. The Defendant's actions were unintentional and not indicative of willful infringement.

Minimal Profits

> However, it is important to note that the Defendant generated minimal profits from these activities.
> Any proceeds resulting from these activities were modest and can be demonstrated to be insignificant in the context of the Defendant's overall business operations.

Good Faith Efforts

> Upon becoming aware of the Plaintiff's claims, the Defendant promptly ceased any activities that might have inadvertently infringed upon the Plaintiff's intellectual property rights. (Etsy account shut down and removal of the design from my new shopify store https://designbymagnusco.com/)
> The Defendant is committed to operating their business in compliance with applicable laws and regulations and is willing to cooperate with the Plaintiff to address any misunderstandings or concerns.

Conclusion

In conclusion, the Defendant asserts that they had no knowledge of the Plaintiff's intellectual property rights and had generated minimal profits from the alleged activities. The Defendant's actions were not intentional or malicious and, upon becoming aware of the claims, took immediate steps to rectify the situation. The Defendant is open to resolving this matter amicably and ensuring that their business practices are in alignment with the law.

### Intention Behind the Design

It is crucial to clarify that my design was created with the intention of representing a universally recognized concept, akin to the simplified and symbolic nature of commonly used emojis. Emojis, as recognized worldwide, serve as visual cues to convey emotions, ideas, and expressions. The primary objective of my design was to create a visual representation that could be understood across different cultures and languages, rather than to infringe upon any specific trademarked material.

### Emojis and Trademark Limitations

Emojis have been widely recognized as a form of communication that transcends brand associations and trademark identifiers. Emojis are not typically linked to specific products, services, or brands, and they are intended to convey a general concept rather than to distinguish the source of goods or services. This inherent nature of emojis as universal symbols has led to their limited capacity to serve as trademarks.

Quality legal sources and experts in intellectual property law have acknowledged the challenges of trademarking emojis due to their common use and inherent lack of distinctiveness. The United States Patent and Trademark Office (USPTO) has traditionally held that emojis lack the necessary characteristics to function as source indicators and are therefore not suitable for trademark registration.

### Distinctive Nature of Emojis

Emojis are characterized by their simplified, abstract, and universally understood representations of concepts, emotions, and ideas. Unlike traditional trademarks, emojis do not inherently possess the distinctive qualities that allow consumers to associate them exclusively with a particular source of goods or services. The primary function of emojis is to provide a means of communication that is easily comprehensible and universally relatable.

### Conclusion

I want to emphasize that my design was never intended to infringe upon plantiffs trademark or to confuse consumers regarding the source of goods. It was crafted as a symbol that transcends brand associations and is meant to communicate a universally recognized concept. Given the inherent nature of emojis and their recognition as common symbols, I maintain that my actions are distinct from the concerns raised in your complaint.

Jurisdictional Consideration

As a Norwegian resident, it is important to note that I am governed by Norwegian jurisdiction in matters concerning legal disputes. The principles and régulations established by the Norwegian legal framework safeguard my rights and obligations. In this regard, any assertions or claims against me should be subject to Norwegian laws and legal proceedings.

Cross-Border Legal Implications

Should the plaintiff seek to pursue financial claims against me personally, it is imperative to recognize that any such action would necessitate engagement with the Norwegian federal court system. As a Norwegian citizen, I am not bound by any legal obligation to remit monetary compensation to a foreign entity, particularly if the legal course undertaken has not involved due process within the Norwegian legal context.

Respect for Legal Processes

My intention is not to circumvent legal responsibilities or undermine the legitimate concerns of the plaintiff. Rather, I am committed to adhering to appropriate legal channels that respect the rights and obligations of all parties involved. Should the plaintiff seek financial remedies, I believe it is equitable and respectful of legal principles to engage in proceedings within the jurisdiction that governs my residency.

Valuation and Financial Implications

It is my assertion that the monetary worth of my business is of nominal value, rendering any financial claims against it futile. Consequently, the prospect of monetary gain for the plaintiff from my business activities remains minimal, if not nonexistent. It is my genuine belief that there exists no financial motive or incentive to further the plaintiff's interests through pursuing this avenue.

Revenue Clarification and Willingness to Address Financial Claims

I am prepared to substantiate that the designs in question, which the plaintiff contends infringe upon their copyright, have not yielded substantial monetary returns. Should the plaintiff require documented proof of this assertion, I am more than willing to furnish the relevant information. Furthermore, in the spirit of fostering an amicable resolution, I propose to offer the plaintiff triple the revenue garnered from the designs they claim have violated their copyright. With all my emoji designs combined, the total revenue stands at USD 34,16, and thus, I am prepared to pay USD 102,48 in good faith.

Prompt Notification and Limited Response Time

I acknowledge my concern regarding the timeline of being made aware of this lawsuit. The situation that led to my account's suspension on Etsy inadvertently alerted me to the existence of this legal proceeding. It is imperative to highlight that my awareness of the lawsuit resulted from my direct interaction with Etsy's support, and not through formal communication or notification from the plaintiff's side. This circumstance has regrettably curtailed the time available for me to adequately prepare a robust defense and explore potential resolutions.

I would like to address that I have now when editing this document (8.10.2023) received an email informing me about the lawsuit, but I still think I have been given extremely short time for coming up with a proper defense regarding this case.

Empathy for Plaintiff's Position

I extend my empathy to the plaintiff for any damages they have suffered due to trademark violations. It is my sincere belief that intellectual property rights should be safeguarded, and I understand the significance of protecting one's brand and creations.

Intention and Future Compliance

I wish to unequivocally affirm that my intent has never been to infringe upon the plaintiff's trademark. My design was, and continues to be, intended solely as an expressive representation of an emoji. I reiterate my commitment to uphold the plaintiff's trademark rights and to refrain from any activity that might contravene their intellectual property in the future.

Conclusion

In closing, I beseech the plaintiff to recognize my intention to resolve this matter amicably. I look forward to receiving an update on the case and exploring potential avenues for resolution that align with the principles of fairness and justice. Please feel free to communicate any further steps or information you require to facilitate this process.

Best regards,

Magnus

*Rolf Magnus Westskog* (signature)

Rolf Magnus Westskog

Hovstubben 7

3490 Klokkarstua, Norway

designbymagnusco@gmail.com

160 DesignbyMagnushttps://www.etsy.com/shop/DesignbyMagnushttps://www.etsy.com/listing/1428797570

ROLF MAGNUS WESTSKOG
HOVSTUBBEN 7,
3490, KLOKKARSTUA